# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **RAYMOND CARRASCO**<br>    **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JURG HALLER, UBS** | § | **EP-15-CV-363-PRM** |
| **ZURICH BANK, UBS** | § | |
| **FINANCIAL SERVICES,** | § | |
| **DEUTSCH BANG AG, and** | § | |
| **RALPH COHEN,** | § | |
|     **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Plaintiff Raymond Carrasco's "Application to Proceed in District Court Without Prepaying Fees or Costs" (ECF No. 1) [hereinafter "IFP Motion"], filed on December 3, 2015, in the above-captioned cause. Therein, Plaintiff asks the Court to allow him to proceed *in forma pauperis*, thereby permitting him to proceed in prosecuting his "Complaint" without prepayment of filing fees. After due consideration, the Court is of the opinion that (1) Plaintiff's IFP Motion should be granted, and (2) his Complaint

1

should be docketed and dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) because it is frivolous and fails to state a claim

upon which relief may be granted.

## I.   APPLICATION TO PROCEED *IN FORMA PAUPERIS*

A court is authorized to allow the commencement of a civil

action without prepayment of filing fees by a person who submits an

affidavit that includes a statement of all assets the person possesses

as well as the nature of the action and the affiant's belief that he is

entitled to redress.  28 U.S.C. § 1915(a)(1).

Plaintiff's IFP Motion did not outline a monthly budget.  *See*

IFP Mot.  Thus, the Court asked Plaintiff to supplement his IFP

Motion with more detailed financial information.  Order Requiring

Pl. to Supplement His Mot. to Proceed In Forma Pauperis, Dec. 15,

2015, ECF No. 2.  Shortly thereafter, Plaintiff clarified his income

and expenses.  Notice of Filing: Expense Report, Dec. 23, 2015, ECF

No. 5.  In accordance with 28 U.S.C. § 1915(a)(1), Plaintiff's

supplemental budget indicates that his monthly expenses exceed his

monthly income.  *Id.* at 2—3.  Plaintiff's IFP Motion was concurrently

submitted with Plaintiff's Complaint, wherein Plaintiff sets forth the nature of the cause of action he seeks to file and his claim for relief. As such, Plaintiff's IFP Motion fulfills the requirements laid out by § 1915(a)(1) and demonstrates that Plaintiff is unable to pay the filing fee in this action.  Thus, the Court finds that Plaintiff does not presently have sufficient funds to pay the filing fee at the outset of this lawsuit and is of the opinion that Plaintiff's IFP Motion should be granted.[1]

## II.   FACTUAL BACKGROUND

Plaintiff attaches his complaint to his IFP Motion.  IFP Mot. Dec. 3, 2015, ECF No. 1-1 [hereinafter "Complaint"].  In his Complaint, Plaintiff alleges that he is Chief Financial Officer of the entity Yakasi Trading Limited.  Compl. 3.

Plaintiff then asserts that Yakasi Trading Limited entered into a settlement with PB Trading Limited, an entity in which Defendant

---

[1] The Court notes that Plaintiff possesses a 2012 Ford Escape and pays a mortgage—which is atypical for an indigent plaintiff.  *See* IFP Mot. 3. Nonetheless, the Court concludes that Plaintiff should be allowed to proceed *in forma pauperis*.

Ralph Cohen serves as a director; Yakasi Trading Limited would receive 900 million euros. *Id.* According to Plaintiff, in 2005, judges in the Zurich Canton Administrative Fiscal Court "instructed [Defendant] Jurg Haller of [Defendant] UBS [Bank Zurich] to fund the Yakasi [Trading Limited] deposits." *Id.* For the next six years, Plaintiff claims that he received e-mail confirmations that Defendant UBS Bank Zurich would deposit funds to Yakasi Trading Limited. *Id.* Plaintiff then contends that he did not receive the "Transcript of the Court Order" that instructed Defendant Haller to fund the Yakasi Trading Limited account. *Id.*

During the course of these purported payments, Plaintiff alleges that Defendants Cohen and Haller operated in "an evasive way of laundering documents and deposits so no claims or deposits could be identified or claimed by the Plaintiff." *Id.* at 4. Plaintiff also claims that Defendant Cohen has signing authority to Yakasi Trading Limited's bank accounts without the need of corporate authority. *Id.*

4

at 3.  According to Plaintiff, Defendant UBS[2] and PB Trading Limited "may have incorporated Yakasi [Trading Limited] in another legal domicile to overcome the problem of corporate authority, and transfer funds to other accounts." *Id.* at 4.

Plaintiff alleges that these actions "border[ ] on fraud and deception." *Id.*  Plaintiff asserts, ultimately, that he "was never allowed to claim the accounts . . . without the fear of prosecution." *Id.*

## III.  LEGAL STANDARD

Section 1915(e)(2) instructs a court to "dismiss the case at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2). Dismissal pursuant to § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(b)(6) are analyzed according to the same standard. *Newsome v. EEOC*, 301 F.3d 227, 331 (5th Cir. 2002).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

---

[2] Plaintiff does not make a distinction between UBS Zurich Bank, UBS Financial Services, or both.

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). In particular, the pleadings should "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting

6

*Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177–78 (5th Cir. 1997)).
"Put simply, Rule 9(b) requires the who, what, when, where, and how
to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co.,
Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (quoting
*Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th
Cir. 2003) (internal quotation marks omitted)). Rule 9(b) requires a
plaintiff to allege the existence of facts sufficient to warrant the
pleaded conclusion that fraud has occurred. *See In Re Haber Oil Co.*,
12 F.3d 426, 439 (5th Cir. 1994).

A court reviews pro se pleadings under a less stringent
standard than those drafted by attorneys, and such pleadings are
entitled to a liberal construction that includes all reasonable
inferences that can be drawn from them. *See Haines v. Kerner*, 404
U.S. 519, 520–21 (1972) (explaining the lower standard for pro se
pleadings). At the same time, however, parties proceeding pro se are
still required to provide sufficient facts in support of their claims.
*United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under
the rule of liberal construction, "mere conclusory allegations on a

critical issue are insufficient." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

## IV.  ANALYSIS

A pro se complaint must be liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  Here, the Court will liberally construe Plaintiff's claim that Defendants Cohen and Haller laundered documents and deposits as (1) a fraud claim and (2) a conversion claim.

### A.    Fraud Claim

Plaintiff must specify "the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *See Southland Securities Corp.*, 365 F.3d at 362. Instead, Plaintiff has alleged in a conclusory manner that Defendants Cohen and Haller maneuvered in "an evasive way of laundering documents and deposits so no claims or deposits could be identified or claimed by the Plaintiff." *See* Compl. 4.  Although Plaintiff has identified the participants, he has failed to allege what statements or

8

representations Defendants Cohen and Haller made and how their conduct—arguably including such statements or representations—constitute fraud. Plaintiff's allegations fall woefully short of pleading sufficient facts to warrant the conclusion that fraud has occurred. *See In Re Haber Oil Co.*, 12 F.3d at 439.

While Plaintiff alleges that a Zurich court ordered Defendant Haller to fund Yakasi Trading Limited deposits, Plaintiff fails to articulate how Defendant Haller has unfettered access to this account. *See* Compl. 3. In the same vein, Plaintiff asserts that he is only the Chief Financial Officer—which does not necessarily entitle him to these court-ordered deposits. *See id.* More confusing, Plaintiff utilizes the passive voice when he alleges that "he was never allowed to claim the accounts . . . without the fear of prosecution." Compl. 4. As a result, the Court cannot discern the "who, what, when, where, and how" that amount to fraud in Plaintiff's inability to access the Yakasi Trading Limited accounts—all of which are requirements for Rule 9(b). *See Potter*, 607 F.3d at 1032. Consequently, Plaintiff's pleadings fail to state a fraud claim.

9

## B.   Conversion Claim

To succeed on a conversion claim, the plaintiff must prove that "(1) he legally possessed the property or was entitled to it; (2) the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; and (4) the defendant refused." *United States v. Boardwalk Motor Sports, Ltd.*, 692 F.3d 378, 381 (5th Cir. 2012) (applying Texas law)[3] (citation omitted).  Conversion claims concerning money also carry additional requirements.  *Id.*  "An action will lie for conversion of money when its identification is possible and there is an obligation to deliver the specific money in question or otherwise particularly treat specific money."  *Id.* (quoting *Hous. Nat'l Bank v. Biber*, 613 S.W.2d 771, 774 (Tex. App.—Houston 1981, writ ref'd n.r.e.)).

---

[3] There is no federal common law of "conversion."  *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 729 (2004) (recognizing that federal courts have "limited judicial power first expressed in reorienting federal diversity jurisdiction . . . [and] that federal courts have no authority to derive 'general' common law." (citation omitted)).

10

Here, Plaintiff never contends that any of the defendants refused to give Plaintiff funds to which he claims entitlement. To be sure, Plaintiff never alleges that he ever had control of the Yakasi Trading Limited's account. Rather, Plaintiff avers that he is deterred from accessing the account "for fear of prosecution." *See* Compl. 4. Plaintiff fails to articulate how this fear—at the hands of any defendant—forecloses Plaintiff's access to these funds. Indeed, Plaintiff does not allege the manner in which any defendant could influence any prosecutorial body to bring criminal charges against Plaintiff. Therefore, Plaintiff's pleadings fail to state a conversion claim.

## V.   CONCLUSION

After evaluating Plaintiff's claims in his Complaint, the Court is of the opinion that Plaintiff fails to state a claim upon which relief can be granted. As a result, the Court is of the opinion that Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Raymond Carrasco's "Application to Proceed in District Court Without Prepaying Fees or Costs" (ECF No. 1), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **FILE**, without prepayment of the filing fee, Plaintiff Raymond Carrasco's Complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the instant cause is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions, if any, are denied as moot.

SIGNED this ___19___ day of **January, 2016.**

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

12